## DICKINSON v. VANDERPOEL.

*Nonjoinder of parties — must be pleaded.*

In an action by one member of a firm for injuries done to firm property neither the complaint nor the answer showed a nonjoinder of parties.   *Held,* that the dismissal of the complaint for nonjoinder was error.

Where a defense of nonjoinder of parties plaintiff exists, and is not disclosed by the complaint, it must be set forth in the answer.

. MOTION by plaintiff for a new trial upon an exception ordered to be heard in the first instance at the general term.

The action was brought in Kings county by John Dickinson against Ellen Vanderpoel and another to recover for damages done to goods belonging to plaintiff by the heat of a steam boiler erected and maintained by defendants.   The complaint alleged that the goods were the property of plaintiff.   This was not denied by the answer.   The evidence in behalf of plaintiff at the trial showed that the goods were the property of the firm of Dickinson & Co., composed of plaintiff and one Frederick Dunscomb.   The court thereupon, upon motion of defendant, dismissed the complaint. Such other facts as are material appear in the opinion.

*C. C. Wust* and *James L. Campbell,* for plaintiff.

*Tracy & Tallmadge,* for defendants, cited *Secor* v. *Keller,* 4 Duer, 416, 419; *Freeman* v. *Fulton Fire Ins. Co.,* 14 Abb. 407; 1 Chitty Pl., 14, 22.

TALCOTT, J.   This is an action brought by the plaintiff, who was, in form at least, the sole lessee of certain premises, to recover damages against the lessors for placing a steam boiler under the premises leased to the plaintiff, whereby, as alleged, the plaintiff's goods in the store above were injured and damaged by excessive heat.   It appeared on the trial that the plaintiff had a partner in the business.   The nonjoinder of such partner was not in any manner disclosed by either the complaint or answer.   The rule seems to be well settled that when the defense of nonjoinder of parties plaintiff exists, and is not disclosed by the complaint, it must be brought forward in the answer.   *Bank of Havana* v. *Magee,* 20 N. Y. 602; opinion of COMSTOCK, J.; *Zabriskie* v. *Smith,* 13 N. Y. 322; Code, §§ 147, 148.   The judge at the trial dismissed the complaint upon the ground of the nonjoinder of the partner.   This was erroneous whether the plaintiff would have been able to maintain the action in his sole name or not, if all the facts had been pleaded.

This is a motion for a new trial, the exception having been sent to the general term in the first instance.

A new trial is ordered, costs to abide the event.

*New trial ordered.*